UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA WILES, individually and on behalf of all other persons similarly situated,<br><br>                               Plaintiffs,<br><br>-against-<br><br>THE LOGAN STAFFING SOLUTIONS INC., and/or any other related entities,<br><br>                              Defendant. | CIVIL ACTION<br>CASE NO: 18-cv-9953<br><br>**ACTION UNDER**<br>**29 U.S.C. § 203** *et seq.*<br><br>**COLLECTIVE AND CLASS**<br>**ACTION COMPLAINT** |

Named Plaintiff, Debra Wiles, individually and on behalf of all other persons similarly situated (collectively "Plaintiffs"), by and through her attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

1.  This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b) and New York Labor Law (hereinafter referred to as "NYLL") Article 6 §§ 190 et seq., 193, 195, Article 19 §§ 650 et seq., 652, 663, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.1.

2.  Beginning in approximately October 2012 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs wages for mandatory training, failing to promptly pay Plaintiffs' wages on the regularly scheduled payday after work was performed, and failing to provide Plaintiffs with wage notice statements.

3.  The Named Plaintiff has initiated this action on behalf of herself and all persons similarly situated to recover unpaid wages, liquidated damages for the delayed payments that they were

deprived of, statutory damages for the undistributed wage notice statements, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.   Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

5.   Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendant's respective principal places of business is in this district.

## PARTIES

7.   Named Plaintiff Debra Wiles ("Named Plaintiff") resides in the County of New York in the State of New York.  At all relevant times, Named Plaintiff was employed by Defendant as a Direct Support Professional, as described herein, from in or around August 2018 to October 2018.

8.   Defendant, The Logan Staffing Solutions, Inc. is a New York State domestic corporation licensed to do business in the State of New York, with an office and place of business at 445 Castle Hill Avenue, Bronx, New York 10473.

9.   At all relevant times, Defendant has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203 and the NYLL.  At all relevant times, Defendant employed "employee[s]", including Named Plaintiff, and all persons similarly situated.

2

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

11.     This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees employed by Defendant as Direct Support Professionals, or in related trades who performed work at any time since October of 2015, to the entry of judgment in this case, who were not paid for mandatory training; were not timely paid their wages for all hours worked in the pay period immediately following the work performed; or given proper wage notice statements (the "Putative Collective").

12.     Named Plaintiff and others similarly situated constitute "employees" subject to the protection of the Fair Labor Standards Act.

13.     Named Plaintiff and the Putative Collective were non-exempt employees eligible to be paid for every hour worked.

14.     Defendant constitutes an "employer" subject to the requirements of the Fair Labor Standards Act.

15.     Beginning in approximately October 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs wages for hours spent at mandatory training sessions.

16.     Beginning in approximately October 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs all earned wage payments on their next scheduled payday after the work was performed and delaying those payments to later pay periods.

17.     Beginning in approximately October 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to provide wage notice statements to Plaintiffs.

18.     Named Plaintiff has initiated this action on behalf of Plaintiffs to recover damages and/or statutory penalties from Defendant, as well as interest, reasonable attorneys' fees, costs, and injunctive relief.

19.     Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to timely provide payment of wages pursuant to 29 U.S.C. § 206.

20.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and members of the Putative Collective.  This policy and pattern or practice includes willfully failing to pay for mandatory training; failing to timely pay Plaintiffs wages for all hours worked in the pay period immediately following the work performed; and failing to provide a wage notice statement.

21.     Upon information and belief, Defendant uniformly applies the same payment policies, practices, and procedures to all members of the Putative Collective.

22.     Counts I and II are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

23.     Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

24.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25.    This action is brought on behalf of Named Plaintiff and a class consisting of each and every person who is or was employed by Defendant as Direct Support Professionals, or in related trades who performed work at any time since October of 2012, to the entry of judgment in this case, who were not paid for mandatory training; were not timely paid their wages for all hours worked in the pay period immediately following the work performed; or given proper wage notice statements (the "Putative Class").

26.    The Putative Class is so numerous that joinder of all members is impracticable. Although the precise number of Putative Class members is unknown, upon information and belief, the size of the Putative Class is believed to be in excess of 70 individuals. In addition, the names of all potential members of the Putative Class are not known.

27.    The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiff and members of the Putative Class their earned wages for hours spent at mandatory training; whether Defendant's failed to timely pay Plaintiffs' wages for all hours worked in the pay period immediately following the work performed; whether Defendant failed to provide wage notice statements as required by NYLL § 195(3).

28.    The claims of Plaintiff are typical of the claims of the class, because they are all current or former employees of Defendant who sustained damages, including from underpayment of wages and failure to receive timely wage payments and notices, as a result of Defendant's common compensation and employment policies and practices.  The defenses that Defendant is likely to assert against the Named Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the class.

29.     The Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Class lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

## FACTS

31.     Named Plaintiff Wiles worked for Defendant as a Direct Support Professional from approximately August 2018 to October 2018.

32.     While employed by Defendant, Named Plaintiff provided services to disabled clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming.

33.     Named Plaintiff generally worked five (5) days per week, from approximately 8:30 a.m. until 4:00 p.m., excluding a ½ hour lunch break each day.

34.     Named Plaintiff was paid approximately $13 per hour in cash, however, Named Plaintiff was not paid for all of the hours she worked.

35.     During her employment, Defendant required Named Plaintiff Wiles to attend mandatory training.

36.     Named Plaintiff Wiles attended mandatory training for approximately five (5) to six (6) days, and lasting six (6) to seven (7) hours each day.

37.     Defendant failed to pay Named Plaintiff Wiles for the days she attended mandatory

training.

38.     Defendant also failed to play Named Plaintiff Wiles for all hours she worked in a week on her regularly scheduled payday after the work was performed.

39.     Named Plaintiff's co-workers performed the same and/or similar work to that of the Named Plaintiff.

40.     Upon information and belief, like the Named Plaintiff, these putative class members were required to attend mandatory training, and were not compensated.

41.     Upon information and belief, like the Named Plaintiff, Defendant also failed to pay putative class members for all hours worked in a week on their regularly scheduled payday after the work was performed.

42.     Defendant has engaged in a pattern and practice of failing to ensure that Plaintiff and putative class members received their wages on the regularly scheduled payday after the work was performed.

43.     Defendant's policy and practice towards Named Plaintiff and putative class members is to pay Plaintiffs' wages weeks after the work was performed, resulting in damages to the Named Plaintiff and the class.

44.     Defendant's policy and practice results in Named Plaintiff and the putative class receiving two weeks' worth of pay for one month's worth of work.

45.     Upon information and belief, the correct amount of weekly wages can be determined for each work period before the scheduled payday for that work period.

46.     Additionally, Defendant failed to provide Named Plaintiffs and the members of the Putative Class with the notices required by NYLL §195(1).

47.     Throughout the relevant period, Defendant has undertaken a willful policy and

practice of violating the FLSA and NYLL. Defendant's actions as described herein were intentional and not made in good faith.

## FIRST CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT: FAILURE TO PAY MINIMUM WAGES</u>

48.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

49.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after the 60th day; and (C) $7.25 an hour, beginning 24 months after the 60th day [July 24, 2009]."

50.     Defendants are employers, within the meaning contemplated under 29 U.S.C. §§ 203(d) and 206(a).

51.     Named Plaintiff and other members of the Putative Collective are "employees," within the meaning contemplated in the 29 U.S.C. §§ 203(e), (m) and 206(a).

52.     Named Plaintiff and other members of the putative collective action were, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

53.     Upon information and belief, Defendant violated the FLSA by failing to pay Named Plaintiff and other members of the putative collective action minimum wages for all hours spent at mandatory training sessions.

54.     Upon information and belief, the failure of Defendants to pay Named Plaintiff and other members of the putative collective their rightfully-owed wages was willful.

55.     By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, constituting their full earned wages, liquidated damages in the amount equal to the amount of unpaid wages owed to each Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: DELAYED WAGE PAYMENTS

56.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

57.     Pursuant to FLSA, 29 U.S.C. § 206(a) "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," minimum wages.

58.     Pursuant to 29 U.S.C. § 206(a), an employer must make a prompt payment of minimum wages.

59.     Defendant has repeatedly engaged in a pattern and practice of failing to pay Named Plaintiff and others similarly situated all wages owed during the regular pay period in which the work was performed.

60.     Defendant has violated the FLSA by failing to promptly pay wages to Plaintiffs on the next scheduled payday after the work was performed.

61.     Defendant's violation was willful.

62.     The failure of Defendant to pay Plaintiffs their rightfully owed compensation in a timely manner as required by the FLSA and its implementing regulations was willful.

63.     By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed to each pay period to Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and

costs.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW: MINIMUM WAGE

64.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

65.     Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015;" (6) "$11.00 per hour on and after December 31, 2016;" and $13.00 per hour on and after December 31, 2017 . . . ."

66.     Defendants are employers, within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

67.     Named Plaintiff and putative class members are employees, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

68.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and putative class members.

69.     Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et. seq.* and the supporting New York State Department of Labor Regulations by failing to pay Named Plaintiff and putative class members at the minimum wage rate for hours spent at mandatory training sessions in violation of New York State Labor Law.

70.     Upon information and belief, Defendants' failure to pay Named Plaintiff and putative class members their lawfully owed wages was willful.

71.     NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action

the amount of any such underpayments, together with costs and such reasonable attorney's fees."

72.     Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant all damages permitted under the NYLL and CPLR in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to NYLL § 650 et seq.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW: FAILURE TO PAY WAGES**

73.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

74.     Pursuant to Article Six of the NYLL, Plaintiffs are protected for wage underpayments and improper employment practices.

75.     The wage rate agreed upon by Plaintiffs constitutes "wages" within the meaning of NYLL §§ 190, 191.

76.     Pursuant to NYLL § 191 and the cases interpreting the same, Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

77.     Defendant has repeatedly engaged in a pattern and practice of failing to pay Named Plaintiff and putative class members all wages owed during the regular pay period in which the work was performed.

78.     In addition, pursuant to NYLL § 193, with few exceptions, employers are prohibited from making deductions from the wages of an employee.

79.     Defendant has violated the NYLL by failing to pay wages to Plaintiffs for hours they spent at mandatory training sessions.

80.     As a result of these policies and practices, Defendant failed to compensate Plaintiffs their full earned wages in violation of the NYLL.

81.     Upon information and belief, Defendant's failure to pay Plaintiffs wages was

willful.

82.     By the foregoing reasons, Defendant has violated NYLL § 198 and is liable to Plaintiffs for all damages permitted under the NYLL and CPLR in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW: FAILURE TO PROVIDE WAGE NOTICES

83.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

84.     Pursuant to NYLL § 195(3), an employer must "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

85.     Defendant has repeatedly engaged in a pattern and practice of failing to provide Plaintiffs with wage notice statements.

86.     Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover damages and/or statutory penalties from Defendant, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

**WHEREFORE**, the Plaintiffs demand judgment:

(1)     on the first cause of action against Defendant in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(2)     on the second cause of action against Defendant in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(3)     on the third cause of action against Defendant in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(4)     on the fourth cause of action against Defendant in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(5)     on the fifth cause of action against Defendant in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs; and

(6)     any other and further relief the Court may deem appropriate.

Dated: New York, New York
       October 29, 2018

                                    VIRGINIA & AMBINDER, LLP

                                    By:   /s/ LaDonna Lusher
                                    LaDonna Lusher, Esq.
                                    Alanna Sakovitz, Esq.
                                    40 Broad Street, 7th Floor
                                    New York, New York 10004
                                    (212) 943-9080