

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Alanna R. Sakovits**
Associate
asakovits@vandallp.com

February 21, 2020

**VIA ECF**
Hon. Sarah Netburn, U.S.M.J.
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

> Re:  Wiles v. The Logan Staffing Solutions, Inc.
>      Case No.: 18-CV-9953

Dear Judge Netburn:

This firm is counsel to the Plaintiff Debra Wiles ("Plaintiff") in the above-referenced action. This letter is respectfully jointly submitted by counsel for Plaintiff and counsel for Defendant Logan Staffing Solutions, Inc. ("Logan Staffing") (together the "Parties"). For the reasons set forth below, the Parties represent that the negotiated Settlement Agreement and Release (the "Settlement Agreement") is fair and reasonable. *See* Exhibit 1, the Settlement Agreement. As such, the Parties respectfully request that this settlement be approved and that the action be dismissed in accordance with the executed Stipulation of Dismissal. *See* Exhibit 2, Stipulation of Dismissal.

### A.  Background

This action was commenced on October 29, 2018 by Plaintiff, on behalf of a putative class, against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b) and the New York Labor Law ("NYLL") Article 6 §§ 190 et seq., 193, 195, Article 19 §§ 650 et seq., 652, 663, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.1. Plaintiff alleged that she was employed by Defendant as a Direct Support Professional ("DSP"), and that beginning in approximately October 2012 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiff wages for mandatory training, failing to promptly pay Plaintiff wages on the regularly scheduled payday after work was performed, and failing to provide Plaintiff with proper wage notices as required under the NYLL. Plaintiff sought to recover unpaid wages, unpaid minimum wages, liquidated damages for the delayed payments that they were deprived of, statutory damages for the undistributed wage notices, plus interest,

damages, attorneys' fees, and costs.

This case was referred to mediation on February 4, 2019. *See* Dkt. No. 13. The Parties attended a mediation session on May 5, 2019. The settlement reached in this matter was the result of the May 5, 2019 mediation session, and further settlement negotiations following the mediation session. The settlement negotiations were focused both on substantive allegations, as well as financial considerations. Through the diligent efforts of Plaintiff's counsel, Plaintiff has recovered a significant amount of wages, considering the circumstances explained below.

### B. <u>The Settlement Agreement is Fair and Reasonable</u>

In determining whether a settlement agreement is fair and reasonable, the Second Circuit has considered factors such as (1) a battery of highly restrictive confidentiality provisions, (2) overbroad release provisions, and (3) provisions that set attorneys' fees at over 40%. *See e.g., Cheeks v. Freeport Pancake House, Inc*., 2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). Those considerations weigh in favor of finding that the Settlement Agreement is fair and reasonable. The Agreement will be filed publicly with the Court as an exhibit to this letter, does not contain a confidentiality provision, and attorney's fees amount to under 33% of the total settlement amount. The Agreement calls for the stipulated dismissal of this action with prejudice. Accordingly, the Parties believe the Agreement is fair and reasonable in all respects and should be approved by the Court.

As articulated in *Wolinsky v. Scholastic Inc.*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, 2010 U.S. Dist. LEXIS 75098, at \*3 (S.D.N.Y. July 23, 2010)).

Based on Plaintiff's allegations, Plaintiff is owed approximately $8,532.75. Defendant provided Plaintiff's counsel with financial documents regarding Defendant's financial hardship assertion. As such, they claim they are limited in terms of the amount of money they can pay the Plaintiff to settle this case. Notwithstanding the above, this Settlement Agreement resolves bona fide disputes and reflects a reasonable compromise that led to a resolution of this matter. After extensive negotiations between counsel well-versed in wage and hour law, the Parties were able to arrive at a Settlement Agreement for $10,000.00, whereby Plaintiff will receive $7,000.00, with the remaining $3,000.00 to cover attorneys' fees and costs.

Considering the risks in this case, including the uncertainty of recovering any damages due to Defendant's finances, the parties maintain that the settlement is fair and reasonable. Defending themselves in further litigation would undoubtedly cause even greater hardship on Defendant, potentially jeopardizing Defendant's ability to pay any judgment in the event that the Court or a

jury were to enter a judgment against them. Continued litigation therefore will negatively impact Plaintiff's potential recovery. Most importantly, the Plaintiff understands the situation, is satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

### C.  <u>Plaintiff's Counsel Is Entitled to Reasonable Attorneys' Fees and Costs</u>

Under the terms of Settlement Agreement, Plaintiff's counsel will receive $3,000.00 in fees and costs. The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, 2013 U.S. Dist. LEXIS 37134, at *15-16 (E.D.N.Y. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 542 (2010)). In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*¸ 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill, experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206 (E.D.N.Y. 2007).

Plaintiff's Counsel zealously and expeditiously litigated this case, including the successful negotiation of a settlement on behalf of Plaintiff, and is thus entitled to reasonable attorneys' fees and costs expended as a result of litigating this action. As stated by the Second Circuit in *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994):

> This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary.

Plaintiff's counsel achieved an expedient and satisfactory resolution in this matter. Plaintiff's counsel communicated regularly with the Plaintiff, drafted and filed pleadings, engaged in paper discovery, analyzed and extracted data from payroll records, calculated damages, drafted a mediation statement, attended a mediation, negotiated the settlement of this matter, reviewed, revised, and negotiated the final terms of the Settlement Agreement, and drafted the present letter. In performing these tasks, Plaintiff's Counsel expended approximately 67.9 hours of attorney, paralegal, and staff member time.[1] These hours are reasonable and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Plaintiff's counsel's fees and costs to date substantially exceed the

---

[1] Virginia & Ambinder LLP's Bills can be made available upon the Court's request.

$3,000.00 recovered for fees and costs under the terms of the Settlement Agreement. Moreover, Plaintiff's Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk.

Public policy also weighs in favor of approving the requested attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v. Greenberg*, 2010 U.S. Dist LEXIS 1120, at *9 (S.D.N.Y. 2010). Although attorneys' fees and costs exceed $3,000.00, Plaintiff's Counsel has limited its recovery of fees and costs to significantly less than the sum of actual fees and costs to date.

Based on the foregoing, the Parties maintain that the Settlement Agreement is fair and reasonable. The Parties thus respectfully request that the settlement be approved, and the action be dismissed in accordance with the Stipulation of Dismissal. Thank you for your time and attention to this matter.

Respectfully Submitted,

/s/ Alanna R. Sakovits

Cc: William A. Roche, Esq. (via ECF)