# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this __6th__ day of February 2020, between Debra Wiles ("Plaintiff") and Logan Staffing Solutions, Inc. and Logan Olumese ("Defendants") (collectively Plaintiff and Defendants are referred to as the "Parties").

**WHEREAS** Plaintiff alleges that she was employed by Defendants. She was made to attend mandatory training, and to perform certain duties as part of her employment, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming of Defendants clients. Furthermore, Plaintiff alleges she was not properly paid for all the hours she worked during the entire time she was employed by Defendant.

**WHEREAS** Plaintiff, through her counsel, Virginia & Ambinder LLP, has filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 18-cv-9953 (the "Action") alleging inter alia violations by the Defendant of numerous wage and labor law violations, including but not limited to, the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b) and New York Labor Law (hereinafter referred to as "NYLL") Article 6 §§ 190 et seq., 193,195, Article 19 §§ 650 et seq., 652, 663, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.1.

**WHEREAS** Defendants deny all of the material and immaterial allegations asserted by the Plaintiff in her Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to resolve and settle this Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE**, the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1) **Incorporating Recitals.**
   This Agreement incorporates the foregoing "WHEREAS" clauses as terms of this Agreement and though fully set forth herein.

2) **Settlement Payment and Other Consideration.**
   In full consideration of this Agreement, and in compliance with the promises, covenant, conditions, and agreements made herein, Defendants, jointly and severally, hereby agree to pay a total gross sum of Ten Thousand dollars ($10,000.00) (the "Settlement Amount"), in the following manner: The amounts payable to Plaintiff and Plaintiff's Counsel shall be as follows:

a) The sum of $7,000 to Plaintiff will be made by checks payable to "Debra Wiles" which shall constitute non-taxable liquidated damages due and owing to Plaintiff and will be reflected in a 1099 Form to be issued to Plaintiff. These payments will be made by check payable to "Debra Wiles" and delivered to her attorneys at the offices of Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

b) The sum of $3,000 to Plaintiff's attorneys, Virginia & Ambinder, LLP shall constitute full payment of all attorneys' fees, costs, and disbursements in representing Plaintiff. These payments will be made by check payable to "Virginia & Ambinder LLP" and delivered to the offices of Virginia & Ambinder LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

3) **Time and Manner of Payments.**
   The Payments outlined in Paragraph 2(a) and 2(b), above, will be made as follows:
   a) Two (2) checks payable to "Debra Wiles" for $3,500, payable on March 1, 2020 and April 1, 2020 and

   b) Two (2) checks payable to "Virginia & Ambinder, LLP" for $1,500 shall be delivered to Virginia & Ambinder, LLP, located at 40 Broad Street, New York, NY 10004 payable on March 1, 2020 and April 1, 2020.

4) **Mutual Release.**
   a) In consideration for the payment and benefits provided for in Paragraph 2 of this Agreement, Plaintiff and her successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of
      i) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act;
      ii) violations of the minimum wage and overtime provisions of the New York Labor Law;
      iii) defendants' failure to pay any wages owed to plaintiff;
      iv) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders;
      v) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or
      vi) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b) Plaintiff hereby expressly consents that the release contained in Paragraph 4(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiff hereby expressly acknowledges that she has been advised to review this Agreement and the release that it contains with an attorney, that she understands and acknowledges the significance and consequences of said release, and that she understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described in Paragraph 2.

c) This release shall not affect or limit: (a) any claims that may arise after the date Plaintiff signs this Agreement; (b) Plaintiff's right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

d) Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

e) The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

5) **Stipulation of Dismissal.**
Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

6) **Non-Admission.**
The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation

or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

**7) Successors and Assigns**

Upon the merger or consolidation of the corporate Defendant into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of the corporate Defendant, this Agreement and Release shall bind and inure to the benefit of both the corporate Defendant and the acquiring, succeeding, or surviving entities, as the case may be.

**8) Applicable Law: Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks, or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County.

**9) Execution in Counterparts: Facsimile signatures; Force and effect.**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the Signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**10) Non-Disparagement.**

a) Plaintiff agrees not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

b) Defendants agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame Plaintiff. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

**11) Breach; Cure; Enforcement.**

The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

**12) No Retaliation.**

4

Consistent with their legal obligations, Defendants will not retaliate against Plaintiff for participating in the Action and/or settlement.

**13) Entire Agreement.**
The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to her other than those contained in this Agreement.

**14) Non-Waiver.**
No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

**15) Interpretation.**
a) Construal. Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

b) Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c) Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

d) Recitals. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

**16) Representations and Warranties.**
a) Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b) Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

c) Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

d) Although the caption of the Action names the Plaintiff "Individually and on Behalf of All Other Persons Similarly Situated" as Plaintiff, Plaintiff represents that there are no other persons represented by Plaintiff, nor has any other Plaintiff been joined in this action.

**17) Notices.**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| **Plaintiff:** | **Defendants:** |
|---|---|
| Virginia & Ambinder, LLP | The Law Offices of William A. Roche, P.C. |
| 40 Broad Street, 7th Floor | 183 Broadway, Suite 218 |
| New York, NY 10004 | Hicksville, NY 11801 |
| Telephone: 212-943-9080 | Telephone: 516-308-1739 |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the Receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

**[INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS]**

**18) Signatures.**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF:**                                    **DEFENDANT:**

BY: DEBRA WILES                          BY: LOGAN OLUMESE
                                                      THE LOGAN STAFFING SOLUTIONS,
DATE: 2/6/20                                 INC.

                                                      DATE: _____

18) **Signatures.**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

PLAINTIFF:                              DEFENDANT:

_____        _____

BY: DEBRA WILES                    BY: LOGAN OLUMESE
                                                THE LOGAN STAFFING SOLUTIONS,
DATE: _____        INC.

                                                DATE: _____

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

The Law Offices of William A. Roche, P.C.
*Attorneys for Defendant*
183 Broadway, Suite 218
Hicksville, NY 11801
Tel: 516-308-1739
      WILLIAM A. ROCHE, ESQ.
      ASSAD A. BHATTI, ESQ.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA WILES, individually and on behalf of all persons similarly situated,<br><br>                                      Plaintiffs,<br><br>       -against-<br><br>THE LOGAN STAFFING SOLUTIONS INC., and/or any other related entities,<br><br>                                    Defendant. | Civil Action No.<br>**18-cv-9953** |

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Debra Wiles ("Plaintiff"), and Defendants, The Logan Staffing Solutions, Inc. and Logan Olumese ("Defendants"), that all of Plaintiff's claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated: February ___, 2020

| | |
|---|---|
| **Virginia & Ambinder, LLP**<br>*Attorneys for Plaintiff* | **The Law Offices of William A. Roche, P.C.**<br>*Attorneys for Defendants* |
| By: _____<br>      LaDonna Lusher, Esq. | By: _____<br>      William A. Roche, Esq. |
| 40 Broad Street, 7th Floor<br>New York, NY 10004<br>Telephone: 212-943-9080 | 183 Broadway, Suite 218<br>Hicksville, NY 11801<br>Telephone: 516-308-1739 |