```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/2/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA WILES,

                Plaintiff,

v.

THE LOGAN STAFFING SOLUTIONS,
INC., *and/or any other related entities*,

                Defendant.

No. 18-CV-9953 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Debra Wiles brings this action against her former employer, Defendant Logan Staffing Solutions, Inc., for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and 12 New York Codes, Rules, and Regulations ("NYCRR"). Before the Court is the parties' application for approval of their negotiated settlement agreement (the "Settlement Agreement"). *See* Dkt. 27, Ex. 1.

    District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

## A. The Settlement Amount

Having reviewed the parties' proposed Settlement Agreement and fairness letter, the Court finds that the settlement is fair and reasonable. Under the proposed Settlement Agreement, Defendant agree to pay Plaintiff a total of $10,000, which includes $3,000 in attorney's fees. *See* Fairness Ltr., Dkt. 27 at 3; Settlement Agreement at ¶ 2. Plaintiff estimates that, were she to recover in full, she would receive approximately $8,532.75 in unpaid wages, unpaid minimum wages, liquidated damages for delayed payments, interest, statutory damages, attorney's fees, and costs. *See* Fairness Ltr. at 2–3. As such, the proposed settlement amount of $10,000 is greater than what Plaintiff estimates that she is owed (before attorney's fees).

Particularly when viewed "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement," this amount is fair and reasonable. *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). In particular, Plaintiff's counsel notes that, having reviewed documents of Defendant's finances, there is "uncertainty of recovering any damages" if the litigation continues. Fairness Ltr. at 3. For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

## B. Attorney's Fees

The Court also approves the proposed attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the proposed attorney's fees and costs are $3,000, thus 30% of the total settlement amount. *See* Fairness Ltr. at 3. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). As such, the Court concludes that these

proposed attorney's fees are reasonable as a fair percentage of the net award.

### C. Release & Non-Disparagement Provisions

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The release provision at issue here is more limited than those routinely rejected. Plaintiff is only releasing Defendant from claims "regarding unpaid or improperly paid wages," which includes claims under certain provisions of the FLSA, NYLL, and New York Wage Theft Prevention Act. *See* Settlement Agreement at ¶ 4. Significantly, it does not release "any claims that may arise after the date Plaintiff signs this Agreement." *Id.* The Court thus finds that the release is sufficiently limited.

Finally, courts must carefully review any confidentiality provision in FLSA settlements because such a provision is in tension with Congress's broader goals in enacting FLSA. *See Nights of Cabiria, LLC*, 96 F. Supp. 3d at 177–78. Specifically, courts have a duty not only to safeguard the rights of individual FLSA litigants, but to ensure that a proposed settlement comports with FLSA's broader, remedial goals, which include ensuring widespread compliance with the statute. *See id.* The non-disparagement provision in the Settlement Agreement here

only bars false statements by Plaintiff about Defendant and requires that Defendant offer only neutral statements about Plaintiff should they be contacted regarding an employment reference. *See* Settlement Agreement at ¶ 10. Accordingly, the Settlement Agreement's non-disparagement provision is also fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the Settlement Agreement and dismisses this action with prejudice in accordance with the Settlement Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 2, 2020
       New York, New York

_____
Ronnie Abrams
United States District Judge